In re FIRST HARTFORD CORPORATION, d/b/a Wyandotte Mills, Debtor.

**Bankruptcy No. 81 B 10390 (EJR).**

United States Bankruptcy Court, S. D. New York.

May 13, 1981.

Ballon, Stoll & Itzler, New York City, for debtor.

Angel & Frankel, New York City, for Creditors' Committee.

Irving H. Picard, New York City, Trustee.

EDWARD J. RYAN, Bankruptcy Judge.

The debtor, by its attorneys, seeks an order authorizing payment of legal fees.

The application, in pertinent part is as follows:

"... FIRST HARTFORD CORPORATION is principally in the business of manufacturing woolens through a division known as WYANDOTTE MILLS, which manufacturing takes place in its plant located in the State of Maine.

"However, FIRST HARTFORD CORPORATION owns a plethora of wholly owned second tier, third tier and fourth tier subsidiaries, each of which operates businesses separate and distinct from that of FIRST HARTFORD CORPORATION, to wit the operation of the woolen mill.

"BALLON, STOLL & ITZLER, general counsel to the Debtor herein and presently general counsel to the Debtor-in-Possession by virtue of an order of this Court dated February 23, 1981, has in the past and expects in the future to render legal services to the aforedescribed subsidiaries of the Debtor and Debtor-in-Possession. However, it is respectfully submitted that it would be inappropriate for the Debtor-in-Possession to pay BALLON, STOLL & ITZLER for legal services rendered to its subsidiaries, which services do not impact directly upon the operation of the Debtor's business...."

The United States Trustee objects to the making of the proposed order. The objection of the United States Trustee shows, in pertinent part:

"... The Application (¶ 5) explicitly states that the proposed order seeks only to authorize payment by the non-filing subsidiaries of legal fees to Ballon, Stoll *exclusively* for services rendered to those subsidiaries, which services 'are unrelated to the operation of the debtor-in-possession and its business.' Should the circumstances change and should the subsidiaries make payments to counsel for legal services performed for First Hartford, then such payments must be disclosed pursuant to 11 U.S.C. 329(a) and are subject to review by this Court under 11 U.S.C. 330(a), 331."

The objection of the United States Trustee is well founded and the application is denied without prejudice.

It is so ordered.